# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

VIKTOR PAVLOVICH MYTYUK                    CIVIL ACTION NO. 08-1338

VS.                                        JUDGE DOHERTY

WARDEN YOUNG                               MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Viktor Pavlovich Mytyuk, pursuant to 28 U.S.C. § 2241. By this petition, Petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

Petitioner is a native and citizen of Ukraine. He entered the United States as a visitor on March 28, 2001. *See* Government Exhibit 1. Petitioner was taken into custody on July 5, 2007. *See Id.; See also* Government Exhibit 17. Thereafter, he was served with a Notice to Appear, charging that petitioner had remained in the United States longer than permitted and for failing to comply with the conditions of his admission. *See* Government Exhibit 6.

On January 23, 2008, petitioner was ordered to the Ukraine and his applications for relief from removal were denied. *See* Government Exhibit 7. Petitioner's appeal to the Board of Immigration Appeals was dismissed on April 22, 2008. *See* Government Exhibit 8. On May 6, 2008,petitioner filed a petition for review in the United States Fifth Circuit Court of Appeals. That petition remains pending. *See Mytyuk v. Mukasey*, 08-60393 (5th Cir. 2008).

Formal requests for issuance of a travel document for petitioner's return to the Ukraine were made on April 24, 2008, May 15, 2008 and May 19, 2008. *See* Government Exhibit 9. On

May 20, 2008, the Embassy of the Ukraine responded by notifying immigration officials of the United States that forms were missing, including a completed passport application, and accordingly, those forms were attached to the communication. *See* Government Exhibits 12 and 16.

In response to petitioner's request to be removed to another country, on May 15, 2008, immigration officials requested that petitioner be accepted by Australia and New Zealand; both requests for entry were denied on May 19, 2008. *See* Government Exhibits 10, 11 and 16.

A Notice of File Custody Review was issued on April 30, 2008, notifying petitioner that a post-order custody review would be performed on or about July 14, 2008. *See* Government Exhibits 13. Immigration officials also attempted to serve petitioner with a Warning for Failure to Depart (Form I229(a), an instruction sheet regarding the requirements with which petitioner was to comply to assist in his removal on April 30, 2008, June 5, 2008, July 2, 2008, August 6, 2008 and October 6, 2008. On each such occasion, petitioner refused to sign the forms. *See* Government Exhibit 14.

By letters dated May 29, 2008, June 10, 2008, June 13, 2008, July 1, 2008, July 2, 2008 and July 9, 2008, petitioner has consistently informed United States immigration officials, as well as officials of the Embassy of the Ukraine, that he does not want to return to the Ukraine. *See* Government Exhibit 15. He has also consistently refused to complete the passport application required by the Ukraine for issuance of a travel document; the last such refusal is documented on September 17, 2008. *See* Government Exhibit 16.

A post-order Custody Review was completed on July 14, 2008. The review team found that petitioner is a flight risk given his lack of family and friends in the United States and his

transitory work history.  The team also found that petitioner was failing to comply with immigration authorities to effect his removal, noting petitioner's letters indicating that he did not want to return to the Ukraine and his repeated refusal to complete the passport application necessary for petitioner's return to the Ukraine.  Accordingly, continued detention was recommended.  On July 22, 2008, the Deputy Field Office Director agreed.  *See* Government Exhibit 17.

On August 7, 2008, petitioner was served with the decision to continue his detention. Petitioner was also specifically advised that due to his failure to cooperate with immigration officials to obtain a travel document by completing the required passport application, his removal period had been extended.  *See* Government Exhibit 18.

On September 5, 2008, petitioner filed this petition for *habeas* relief, challenging his continued detention in post-removal-order detention.  Petitioner states in his petition that he is subject to a final removal order and has been in post-removal-order custody pursuant to INA § 241 for more than six months, however, immigration officials have been unable to remove him. He thus challenges his detention as indefinite.

The court ordered the Government to respond to this petition.  In its response, the Government argues that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future.   Moreover, the Government argues that the inability of the Government to remove petitioner is solely attributable to petitioner's failure to complete the passport application that would enable Ukrainian authorities to issue a travel document for petitioner's return to his country. [rec. doc. 11].  For the reasons which follow, the undersigned finds that Government's position is well taken.

# LAW AND ANALYSIS

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

In the matter before this court, Petitioner has been in post-removal-order detention for a period greater than six months. However, this does not mean that a petitioner is automatically entitled to release. In *Andrade v. Gonzales,* 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention", that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future'", and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543 quoting *Zadvydas*, 121 S.Ct. at 2505.[1] Thus, in order for Petitioner to secure his release from

---

[1]In *Andrade* the petitioner "offered nothing beyond his conclusory statements suggesting that he [would] not be immediately removed to Cape Verde following the resolution of his appeals," and the Fifth Circuit therefore found

custody, he must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is no significant likelihood of removal in the reasonably foreseeable future.  For the reasons set forth below, this initial showing has not been made in this case.

Additionally, an alien may be detained beyond the 90 day removal period pursuant to the statutory authority of INA § 241(a)(1)(C).[2]  This statute provides for the suspension of the removal period whenever an alien acts in a manner to prevent his removal.  At least one reason this statute exists is because courts "cannot know whether the alien's removal is a 'remote possibility' until the alien  makes a 'full and honest effort to secure travel documents.'" *Davis v. Gonzalez*, 482 F.Supp.2d 796, 802 (W.D.Tex. 2006) citing *Zadvydas*, 533 U.S. at 690 and *Lema v. INS*, 341 F.3d 853, 857 (9th Cir. 2003).  This statute, like § 241(a)(6), does not contain an express limitation on the length of time that an alien may be detained.  However, as the Ninth Circuit has observed, INA § 241(a)(1)(C) does not present the same constitutional concerns raised by INA § 241(a)(6) because "the risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention." *Pelich v. Immigration and Naturalization Service*, 329 F.3d 1057, 1060 (9th Cir. 2003); *See also Ayigba v. Young*, 2007 WL 2736678, *5 (W.D.La. 2007); *Rosario v. Gonzalez*, 2007 WL 1232207, *5 (W.D.La. 2007); *Amadi v. Young*, 2007 WL 855358, *3 (W.D.La. 2007).  Stated differently, the risk of indefinite

---

his constitutional challenge to his detention to be without merit. *Andrade*, 459 F.3d at 543-544.

[2]**(C) Suspension of period**
The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires *or acts to prevent the alien's removal subject to an order of removal.* (emphasis added).

detention "does not exist when the alien has the keys [to freedom] in his pocket . . . ." *Lema*, 341

F.3d at 856 citing *Pelich*. Thus, when an alien is the cause of his own detention, he cannot assert a

viable constitutional challenge to his indefinite detention because "the detainee controls the clock."

*Id.* citing *Pelich.* Under such circumstances, the "detainee cannot convincingly argue that there is

no significant likelihood of removal in the reasonably foreseeable future . . . ." *Id.*

      The above history and the facts before this court establish that petitioner has been in post-

removal-order detention for a period greater than six months. It is undisputed that petitioner is a

citizen of the Ukraine. Moreover, it appears that the Ukraine is not unwilling to accept petitioner

or to issue a travel document for petitioner; the Ukraine is merely awaiting submission of a

completed passport application. Thus, on the evidence before this court, the undersigned cannot

find that petitioner has established that there is no significant likelihood of removal in the

reasonably foreseeable future. Petitioner holds the keys to his freedom, he need only complete the

passport application for Ukranian officials to issue a travel document for him.

      Moreover, while petitioner may not want to be removed to the Ukraine, his personal

preference to stay in this country, like that of numerous other illegal immigrants facing removal,

does not negate his obligation to *fully* assist the Government in the removal process, nor does this

reason justify his refusal to complete the passport application required for his removal. Unlike the

detainees in *Zadvydas*, petitioner is responsible for his own plight. Moreover, unlike the detainees

in *Zadvydas*, petitioner's detention is not potentially permanent; petitioner need only complete the

required passport application for a travel document to be issued to secure his immediate removal

from this country. However, petitioner's continuing refusal to complete that application has

prevented the ICE from removing him. Thus, under these circumstances, petitioner "cannot

convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future . . . ." *Lema, Pelich, Rosario, supra.*; *See also Okechukwu v. Young,* 2007 WL 855358, *4 (W.D.La. 2007) (finding that petitioner was aware of Nigeria's policy regarding the issuance of a travel document during the pendency of litigation and that he had taken advantage of that policy to avoid deportation; hence, he could not convincingly argue that there was no significant likelihood of removal in the reasonably foreseeable future).

For the reasons discussed above, this court finds that petitioner has  failed to carry his burden demonstrating that there is no likelihood of removal in the reasonably foreseeable future or that he has been detained beyond what is reasonably necessary to bring about his removal from the United States.  Accordingly,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED without prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL**

**CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, November 7, 2008.

_C. Michael Hill_

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE